*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DWAYNE EUGENE HOWELL,

        Defendant-Appellee.

UNPUBLISHED
December 19, 2025
9:39 AM

No. 374998
Wayne Circuit Court
LC No. 22-000403-01-FC

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

In this interlocutory matter, the prosecution appeals by leave granted[1] two orders excluding digital evidence for failure to comply with the trial court's discovery rulings. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Defendant was charged with assault with intent to commit murder, MCL 750.83; assault with intent to do great bodily harm less than murder, MCL 750.84; assault with a dangerous weapon, MCL 750.82; and three counts of carrying a firearm during the commission of a felony, MCL 750.227b. The charges followed a shooting in Harper Woods, Michigan in October 2021.

On April 19, 2022, defendant filed a motion to compel discovery, which is the starting point for the discovery dispute at issue in this matter. Defendant requested copies of data recovered from three cell phones found in his car and a copy of all data obtained from the "CUE unit"[2] that

---

[1] *People v Howell*, unpublished order of the Court of Appeals, entered May 19, 2025 (Docket No. 374998).

[2] "CUE" stands for Cadillac User Experience, the information and entertainment system used in Cadillac vehicles, including defendant's 2018 Cadillac CTS. The trial court and the parties vacillate between referring to the system as the "CUE" (Cadillac User Experience), and "CEU" (Computer Electronic Unit) system. CUE appears to be the correct acronym.

was stripped from the vehicle. For reasons that are unclear, it does not appear that the court ever entered an order resolving the April 2022 motion. On May 12, 2022, defendant filed a motion to suppress evidence and for the return of his personal property. Defendant argued that the CUE data should be suppressed because the affidavit supporting the warrant for the CUE unit was merely based on the general belief that "vehicles are very often used to commit the crime."

Approximately 17 months later, on October 10, 2023, defendant re-noticed the May 2022 suppression motion because it had yet to be heard. On April 24, 2024, with the prior motions apparently still pending, defendant filed several additional motions, including a motion to compel discovery and another motion to suppress evidence from the CUE system. In the motion to compel, defendant asserted that Judge Lawrence Talon, who was one of two judges that previously presided over this case, granted defendant's April 2022 motion to compel discovery "on or about April 20, 2022."[3] Defendant further explained that defense counsel provided USB drives to the prosecutor in order to obtain copies of the cell phone and CUE data, but the prosecutor maintained that neither USB drive was large enough to store the data. In the motion to suppress, defendant argued that the data recovered from the CUE unit should be excluded because the vehicle had been tampered with before the warrant for the CUE unit was signed, which likewise rendered the search warrant for the CUE unit unreliable and invalid.

No further motions or orders were filed or entered between April and September 2024. Following a hearing on September 12, 2024,[4] the trial court entered a series of orders, including an order denying defendant's May 2022 motion to suppress and another granting defendant's April 2024 motion to compel. The court held defendant's April 2024 motion to exclude evidence from the CUE unit in abeyance. In a separate order, also dated September 12, 2024, which does not appear to be related to any specific motion filed by defendant, the court stated:

> IT IS ORDERED THAT THE PEOPLE OF THE STATE OF MICHIGAN SHALL TURN OVER ALL CELL PHONE DUMP EVIDENCE, DATA FROM LAPTOP RETRIVED [sic] BY THE STATE, EXPERT REPORTS, ANY EXPULATORY [sic] EVIDENCE, DNA AND EXPERT WITNESS INFORMATION ONCE THE 56 [gigabyte (GB)] THUMB DRIVE IS RECEIVED BY THE PEOPLE FROM DEFENSE COUNSEL ARLENE WOODS. THUMB DRIVE SHALL BE HANDED OVER TO THE STATE BY 9/16/2024. ONCE ALL ORDERED EVIDENCE AND INFORMATION IS SENT OVER TO DEFENSE COUNSEL ARLENE WOODS, THE STATE MUST NOTIFY HER THAT ALL ORDERED EVIDENCE AND INFORMATION HAS BEEN SENT.

---

[3] This does not appear to be the case, as nothing in the record indicates that an order was entered in relation to the April 2022 motion to compel discovery.

[4] The hearing at issue was presided over by Judge Wanda A. Evans. A transcript of the hearing has not been provided to this Court.

On September 30, 2024, defendant filed a motion for sanctions, arguing that the prosecutor failed to comply with the court's September 12, 2024 discovery order. Emails attached to the motion indicated that defendant contacted the prosecutor on September 13 and 17, 2024. On September 17, 2024, the prosecutor responded and apologized for the delay, stating that he had been in trial and unable to respond to emails. On September 19, 2024, the prosecutor explained to defense counsel via email how she could obtain the ordered discovery. The prosecutor explained that Officer Ted Stager was the officer in charge of the case and gave defense counsel his contact information. The prosecutor explained that counsel could pick up defendant's laptop[5] and cell phones from Officer Stager and asked that she call him to coordinate a time to do so. The prosecutor also asked that counsel bring an external hard drive to store the digital discovery that was the subject of the court's September 12, 2024 discovery order.

On September 27, 2024, defense counsel emailed a letter to the prosecutor stating that she had reached out to Officer Stager, but had not heard back from him. Defense counsel asked that the relevant discovery be provided to her office no later than September 30, 2024, or that Officer Stager provide "a confirmed date and time to obtain the discovery by September 30, 2024. In the absence of either of these alternatives," defense counsel stated that she would "have no choice but to get the court involved yet again."

Officer Stager emailed defense counsel on September 30, 2024, stating that he had been testifying in a lengthy homicide trial. Regarding the CUE and cell phone data, Officer Stager stated:

> As far as discovery, I assume you are referring to the computer data from the Cadillac and any cell phone extractions? I know for well over a year now A[PA] Mireles-Smith has advised you to supply an external hard drive to transfer this data due to its size. As of this date, I am not aware that this has happened. Implying the prosecutor's office or myself are not cooperating is a complete misrepresentation of the facts. Feel free to drop off a clean external hard drive to the Harper Woods Police department at your convenience [and] I will transfer the data. Just let the person you speak with know the hard drive is for me and from you.

A hearing on the motion was held on October 10, 2024. Defendant argued that the information extracted from the cell phones should be excluded because the prosecutor had still not provided the information to defense counsel, in violation of the court's September 12, 2024 order. In response, the prosecutor explained that the court had directed defense counsel to provide an external hard drive for the data, but defense counsel had not done so. Defense counsel asserted that she had dropped off a hard drive at the police station on October 1, 2024, well after the September 16, 2024 deadline for turning over the data that the trial court had imposed on the prosecutor in its September 12, 2024 order. The parties ultimately agreed that the prosecutor would copy the information extracted from the cell phones onto the external hard drive provided

---

[5] The email indicated that no data was recovered from the laptop. Defendant does not raise an issue specifically concerning the laptop on appeal. We thus presume that issue has been resolved.

by defendant by October 15, 2024.  The parties do not dispute that the prosecutor brought the hard drive to the courthouse by that date, and that defense counsel picked it up on October 18, 2024.

The parties were next before the court for a pretrial hearing on March 7, 2025.  No additional discovery issues were raised between September 2024 and March 2025.  The prosecutor asked that the court address the April 2024 motion to suppress evidence from the CUE unit that had been held in abeyance.  Before the trial court addressed that matter, defense counsel renewed the motion for sanctions, arguing that she could not view the data on the hard drive produced by the prosecution in October 2024.  She explained, "We can't open it up, your Honor.  There's a driver, a reader that has to go with this.  And . . . I believe they knew this.  There's a reader that has to go with this.  So the material that's on here can't even be opened up."

Defense counsel admitted that she opened the hard drive in October 2024 and was unable to view the files.  Defense counsel further admitted that she did not notify the prosecutor that she was unable to view the files, but alleged that she did contact Officer Stager about the issue.  The prosecutor maintained that it complied with the discovery order by giving all of the data from the CUE and the cell phones to defense counsel.  The prosecutor further stated that the prosecutor's office had no obligation to help defense counsel with her technical issues and indicated that defense counsel could have requested an IT expert to assist with opening the files on the hard drive.

The trial court held that the prosecutor did not comply with its September 2024 discovery order and excluded all of the data on the hard drive, which included the CUE unit data and the cell phone data, as a discovery sanction.  The court explained that "in essence if you turn something over and there's a reader that goes with it and only you know what that reader is it's in essence not being turned over because they can't open [it]."  The trial court never directly addressed the April 2024 motion to suppress because it had decided to exclude all of the evidence on the data drive, including the data from the CUE unit.  Nevertheless, the court entered two orders: one granting the motion for sanctions, and the other granting the motion to exclude evidence from the CUE unit, which are the subject of this appeal.[6]  This appeal followed.

## II.  ANALYSIS

The prosecution argues that the trial court abused its discretion by ordering that the electronic discovery it produced on October 15, 2024, be excluded.  We agree.

"We review a trial court's decision regarding the appropriate remedy for a discovery violation for an abuse of discretion." *People v Dickinson*, 321 Mich App 1, 17; 909 NW2d 24 (2017).  Likewise, we review the trial court's decisions regarding the appropriate remedy for noncompliance with a discovery order for an abuse of discretion. *People v Rose*, 289 Mich App 499, 525; 808 NW2d 301 (2010).  A trial court abuses its discretion when its decision falls outside

---

[6] The order concerning the motion to dismiss is confusingly drafted.  It initially excludes all of the evidence on the drive that was given to defense counsel, which would necessarily include the data from all three cell phones.  The order also states that the data from only *two* phones would be excluded "as they were destroyed and for reasons stated on the record."

of the range of reasonable and principled outcomes. *People v Jackson*, 292 Mich App 583, 591; 808 NW2d 541 (2011).

Discovery in criminal cases is governed by MCR 6.201. Under MCR 6.201(J),

If a party fails to comply with this rule, the court, in its discretion, may order the party to provide the discovery or permit the inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances. Parties are encouraged to bring questions of noncompliance before the court at the earliest opportunity. Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court. An order of the court under this section is reviewable only for abuse of discretion.

Precluding evidence as a discovery sanction is an "extremely severe sanction limited to an egregious case." *People v Burwick*, 450 Mich 281, 294; 537 NW2d 813 (1995) (quotation marks and citation omitted). Trial courts "must balance the interests in fairness within the broader public interest in a full and truthful disclosure of critical facts." *Id*. at 297 (quotation marks and citation omitted). To that end, the court must make a thorough "inquiry into all the relevant circumstances, including the causes and bona fides of tardy, or total, noncompliance, and a showing by the objecting party of actual prejudice." *Rose*, 289 Mich App at 525-526 (quotation marks and citations omitted). If there is "no cognizable prejudice to [the] defendant in allowing" admission of evidence, excluding the evidence "would convert the salutary purpose of discovery into a weapon against the truth-determining function of the trial process." *Burwick*, 450 Mich at 297. Further, even if a discovery violation occurs, "the court must weigh this paramount interest against the opposing parties' interests in an adequate opportunity to meet the proofs. Where a continuance can accomplish both objectives, it serves administrative efficiency and is the remedy of choice." *Id*. at 298.

The prosecution first argues that exclusion of the evidence was not warranted because no discovery violation occurred. At the March 2025 hearing, the trial court specifically excluded two categories of electronic discovery due to the prosecutor's failure to provide the data in a useable format: (1) data from the CUE, and (2) the data extracted from defendant's three cell phones. Initially, we note that the court's ruling regarding the CUE appears to conflate defendant's April 2024 motion to suppress the CUE data, which was held in abeyance, with the September 2024 motion for sanctions, in which defendant sought to exclude the evidence based on the prosecutor's failure to timely produce the digital discovery. Defendant admitted at the October 10, 2024 hearing that the motion to exclude evidence for the failure to produce it did not relate to the CUE because defendant had received that information "along [sic] time ago." Defendant also attached the forensic report analyzing the data from the CUE to his April 2024 motion to suppress. Thus, the trial court's order excluding the evidence from the CUE "for reasons stated on the record," i.e., the prosecutor's failure to provide the information, constituted an abuse of discretion.

As to the data extracted from defendant's three phones, the record indicates that the failure to produce the discovery in a timely fashion was at least equally defendant's and the prosecution's fault. Notably, the prosecutor requested that defense counsel provide an external storage device

large enough to store the data. There were clearly some communication issues, which are partially attributable to the prosecution, but ultimately, the prosecutor did explain to defense counsel how to obtain the discovery materials. Once defense counsel received the hard drive with the data on it in October 2024, she realized that she could not access the materials on the drive.[7] Rather than immediately contact the prosecutor or anyone who could provide technical assistance, defense counsel alleged that she only contacted Officer Stager about the issue. She stated that she "[did not] believe that [she] notified [the prosecutor]" about the problem.[8] Defense counsel effectively did nothing until the pretrial hearing in March 2025. Trial was scheduled for May 19, 2025. The issue was thus not brought to the court's attention for close to five months, with the date of defendant's trial fast approaching.

On this record, we agree with the prosecution that a discovery violation, particularly one requiring complete exclusion of the relevant data, did not occur. Although some fault lies with the prosecutor and Officer Stager for their delayed responses in September 2024, the fact remains that defense counsel did little to rectify the discovery issue, despite having the opportunity to do so. She failed to timely provide an external storage device to the prosecutor, admitting that she did not do so by the court's initial September 16, 2024 deadline. Once she discovered she could not open the files on the drive, she blamed the prosecutor for failing to provide her with the means to view the data while also failing to attempt to remedy the problem or bring it to the court's attention. As MCR 6.201(J) clearly states, "[p]arties are encouraged to bring questions of noncompliance before the court at the earliest opportunity." If counsel had reached out to the prosecutor or the court in October 2024, when she realized she could not view the data on the hard drive, the matter likely could have been promptly addressed. Instead, defense counsel waited nearly five months to raise the issue. Despite evidence indicating that the prosecutor was unaware that defense counsel could not view the data during that time period, the court nevertheless ruled in defendant's favor. In our view, this constituted an abuse of the court's discretion.[9]

The prosecution also argues that, even if it violated the court's discovery orders, defendant cannot demonstrate that he was prejudiced by the failure to provide the electronic discovery in a

---

[7] Defendant claims on appeal that defense counsel provided a second hard drive to Officer Stager in or around December 2024, and that defense counsel did not realize that she could not access the data on the drive until early 2025. This is belied by defense counsel's and defendant's statements at the March 2025 pretrial hearing that defense counsel discovered the problem in October 2024.

[8] Curiously, defendant has never proffered evidence showing that defense counsel contacted Officer Stager about the issue, despite providing ample evidence of other communications with Officer Stager and the prosecutor assigned to this matter.

[9] The trial court and defendant frame this issue as a failure by the prosecutor to provide the means to view the data on the hard drive. Defendant argues, in essence, that the production of electronic discovery in a format that is unintelligible or unreadable was no production at all. However, defendant does not address whether the prosecution's production of electronic discovery in a criminal case must include the production of specialized software, readers, or programs that would allow the defendant to view and use the information provided. We thus decline to address that issue.

usable format in October 2024. The prosecution further contends that any prejudice to defendant could have been alleviated by a continuance to allow defendant time to access the electronic discovery and evaluate its impact on the case.

This Court has clearly held that excluding evidence as a discovery sanction is "extreme" and "should not be employed if the trial court can fashion a different remedy that will limit the prejudice to the party injured by the violation" while still allowing for the presentation of the evidence. *Rose*, 289 Mich App at 526. In this case, the circumstances simply did not justify the extreme remedy of exclusion. Defense counsel knew that she could not access that data for roughly five months and took no action until two months before defendant's trial date. Had counsel acted sooner, the issue could have been rectified earlier. Allowing a criminal defendant to delay raising issues of potential noncompliance until the eve of trial and then rewarding them by excluding the evidence "would put the objecting party in a better position than he would have enjoyed had disclosure been timely[.]" *People v Taylor*, 159 Mich App 468, 487; 406 NW2d 859 (1987). Any prejudice in not being able to analyze the data on the hard drive in the months after it was provided to defendant was equally attributable to defense counsel's lack of diligence in pursuing the matter.

Further, after the March 2025 pretrial hearing, the trial court entered an order staying the matter while this appeal is pending. This supports that a lesser sanction than full exclusion could have been imposed without prejudice to defendant. See MCR 6.201(J) ("If a party fails to comply with this rule, the court, in its discretion, may . . . grant a continuance . . . "). Accordingly, the trial court abused its discretion when it excluded the data on the hard drive as a discovery sanction. On remand, the prosecution should be afforded the opportunity to facilitate additional software or necessary tools to allow defendant to meaningfully analyze the data.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

-7-